**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

SEGUNDO QUINONES,

      Petitioner,

v.                                                              CASE NO: 8:04-CV-2581-T-30MSS
                                                         Crim. Case No.: 8:00-CR-117-T-30MSS

UNITED STATES OF AMERICA,

      Respondent.

_____/

## ORDER

This matter is before the Court upon Petitioner's Amended Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. §2255 (Dkt. #4) filed on November 30, 2004, Respondent's Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence, Pursuant to 28 U.S.C. § 2255 (Dkt. #8), and Petitioner's Response in Opposition to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. §2255 (Dkt. #10).

Petitioner challenges the sentence imposed following his 2001 convictions for drug-related offenses. The Court has reviewed the arguments and the prior proceedings in the underlying criminal case and concludes that this motion is due to be summarily denied.

Petitioner, Segundo Quinones (hereinafter referred to as "Quinones" or "Petitioner"), was found guilty by a jury trial on February 1, 2001, for intent to distribute five kilograms or more of cocaine, in violation of 46 U.S.C. §1903(a), (g) and 18 U.S.C. §2 (Count One), and conspiracy to possess with intent to distribute 5 kilograms or more of cocaine, in

violation of 46 U.S.C. §1903(j) (Count Two). On July 13, 2001, the Court sentenced Petitioner to 360 months imprisonment, to be followed by a five-year term of supervised release.

Petitioner directly appealed the final judgment to the United States Court of Appeals for the Eleventh Circuit. The Eleventh Circuit affirmed Petitioner's conviction on July 17, 2003. On December 1, 2004, the United States Supreme Court denied Petitioner's Petition for Writ of Certiorari.

On December 1, 2004, Petitioner timely filed this §2255 petition asserting the following claims for relief:

1.     The enhancements and departures imposed in United States v. Quinones were unconstitutional.

2.     Counsel was ineffective for failing to contest the issues in Ground One and failed to provide effective representation in violation of the Sixth Amendment.

### **Standard of Review**

Title 28 U.S.C. §2255 sets forth the framework for reviewing a federal prisoner's sentence for any of the following four reasons: (1) the sentence was imposed in violation of the Constitution of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. §2255. Case law establishes that only constitutional claims, jurisdictional claims, and claims of error so fundamental as to have resulted in a complete miscarriage of justice are cognizable on collateral attack. See

United States v. Addonizio, 442 U.S. 178, 185 (1979); Hill v. United States, 368 U.S. 424, 428 (1962); Richards v. United States, 837 F.2d 965, 966 (11th Cir. 1988).

### Discussion

### I.   Application of Sentencing Enhancement by Judge

Petitioner asserts that his sentence must be vacated on the grounds that this Court considered facts in determining his sentence under the United States Guidelines that were not alleged in his indictment and submitted to a jury or proven beyond a reasonable doubt. Petitioner's claim is without merit.

The Supreme Court held in United States v. Booker, 543 U.S. 220, 125 S. Ct. 738 (2005), that the federal sentencing guidelines are subject to the jury trial requirements of the Sixth Amendment. Booker at 752-55. A defendant has the right to have the jury find the existence of "any particular fact" that the law makes essential to his punishment. Id. at 749. Under a mandatory guideline scheme, this right is implicated whenever a judge seeks to impose a sentence that is not solely based on facts reflected in the jury verdict or admitted by the defendant. Id. However, Petitioner's conviction was final on December 1, 2004, the day the United States Supreme Court denied Petitioner's Petition for Writ of Certiorari. Booker does not apply retroactively to cases, such as Petitioner's, that were final prior to the Booker decision. See Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005).

Even if Booker were to apply retroactively to Petitioner's case, it would offer no benefit, as Petitioner failed to assert his claim on direct appeal. "Generally speaking, an available challenge to a criminal conviction or sentence must be advanced on direct appeal

or else it will be considered procedurally barred in a § 2255 proceeding." <u>Mills v. United States</u>, 36 F.3d 1052, 1055 (11th Cir. 1994), <u>cert. denied</u>, 115 S. Ct. 1966 (1995); see also <u>Cross v. United States</u>, 893 F.2d 1287, 1289 (11th Cir.), <u>cert. denied</u>, 498 U.S. 849 (1990); <u>Greene v. United States</u>, 880 F.2d 1299, 1305 (11th Cir. 1989), <u>cert. denied</u>, 494 U.S. 1018 (1990). "When a defendant fails to pursue an available claim on direct appeal, it will not be considered in a motion for § 2255 relief unless he can establish cause for the default and actual prejudice resulting from the alleged error." <u>Mills</u>, 36 F.3d at 1055; <u>see also</u> <u>Greene</u>, 880 F.2d at 1305. Alternatively, under the fundamental miscarriage of justice exception, when a constitutional violation has probably resulted in the conviction of one who is actually innocent, a federal habeas court may grant relief in the absence of a showing of cause for the procedural default. <u>Mills</u>, 36 F.3d at 1055.

In the instant case, Petitioner has not alleged or otherwise demonstrated cause or prejudice with regard to his failure to raise Ground One on direct appeal. Likewise, Petitioner has neither alleged nor shown the applicability of the fundamental miscarriage of justice exception. Because Petitioner is unable to satisfy either of the exceptions to the procedural default bar, his failure to raise this claim on direct appeal precludes him from raising the claim now.

## II.     Ineffective Assistance of Counsel

Petitioner asserts that he was denied his Sixth Amendment right to effective assistance of counsel. In support of this claim, Petitioner asserts that his counsel failed to (1) contest the misapplication of the sentencing guidelines, and (2) that the jury instructions did not include

the proper instruction as to "willfulness."

Because a lawyer is presumed to be competent to assist a defendant, the burden is on the accused to demonstrate the denial of the effective assistance of counsel. United States v. Cronic, 466 U.S. 648, 658 (1984). To establish a prima facie claim of ineffective assistance of counsel, Petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). Deficient performance is performance which is objectively unreasonable under prevailing professional norms. Id. at 688.  Prejudice results when there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

The criterion for attorney performance is that of reasonably effective assistance. The standard of reasonableness is an objective one that may be measured by using professional norms as guidelines. The inquiry is whether counsel's performance was reasonable under the circumstances. In evaluating counsel's performance, the court must be highly deferential of counsel's conduct and "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. Every effort should be made "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." Id.

The Eleventh Circuit has reiterated that effective assistance of counsel does not mean errorless assistance, and that an attorney's performance is to be judged on a totality of the

circumstances in the entire record rather than on specific actions. Green v. Zant, 738 F.2d 1529, 1536 (11th Cir.), cert. denied, 469 U.S. 1098  (1984). "To state the obvious: trial lawyers, in every case, could have done something more or something different. So, omissions are inevitable. But the issue is not what is possible or what is prudent or appropriate, but only what is constitutionally compelled." Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting Burger v. Kemp, 483 U.S. 776 (1987)). The courts are free to dispose of ineffectiveness claims on either of Strickland's two grounds. Sims v. Singletary, 155 F.3d 1297, 1305 (11th Cir. 1998) (citing Oats v. Singletary, 141 F.3d 1018, 1023 (11th Cir. 1998)).

Petitioner has failed to show that his counsel's performance was deficient for failing to contest the misapplication of the sentencing guidelines. As stated in section I, Booker does not apply retroactively to cases, such as Petitioner's, that were final prior to the Booker decision. See Varela v. United States, 400 F.3d 864, 868 (11th Cir. 2005). Regardless, even if Booker were to apply; Petitioner would not be afforded relief. Booker was decided after Petitioner's conviction was final on December 1, 2004. See Booker. An attorney's failure to anticipate a change in the law does not constitute ineffective assistance of counsel. See United States v. Ardley, 273 F.3d 991, 993 (11th Cir. 2001). For the foregoing reasons, Petitioner has failed to show his counsel was ineffective under Strickland.

Petitioner has also failed to show that his counsel's performance was below an objective standard of reasonable professional assistance under Strickland with respect to his claim of failing to argue jury instructions were improper.  Id. at 694. On February 1, 2001,

the Court instructed the jury:

> The word "willfully," as that term is used in the indictment or in these instructions, means that the act was committed voluntarily and purposely, with the specific intent to do something the law forbids; that is with bad purpose either to disobey or disregard the law. [1]

Petitioner fails to give a reason as to why the Court's instruction on the definition of wilfulness was incorrect. Further, Petitioner does not identify what his lawyer should have done differently. As Petitioner's claim does not satisfy the first prong of <u>Strickland</u>, it is not necessary for this court to address the second prong in <u>Strickland</u>.

## <u>Conclusion</u>

For the foregoing reasons, the Court finds that Petitioner has failed to establish that he is entitled to relief under 28 U.S.C. §2255.

ACCORDINGLY, the Court **ORDERS** that:

1.      The amended motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (CV Dkt. #4) is **DENIED**.

2.      The **Clerk** shall enter judgment against Petitioner, terminate all pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on July 18, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

<u>Conformed Copies To:</u>
All Counsel/Parties of Record

---

[1] See CR Dkt. #204 at 10.