# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION


SEGUNDO QUINONES,

     Petitioner

v.                                    CASE NO. 8:04-CV-2581-T-30MSS
                                                8:00-CR-117-T-30MSS

UNITED STATES OF AMERICA,

     Respondent.

_____/

# O R D E R

Petitioner has filed a Notice of Appeal of this Court's July 18, 2006 decision denying his motion for relief under 28 U.S.C. § 2255 (CV Dkt. 15) and an Application for Certificate of Appealability ("COA") pursuant to Rule 22, Fed. R. App. P.,[1] and 28 U.S.C. §2253[2] (CV Dkt. 16).   Petitioner has not paid the $455.00 appellate filing fee and costs or filed an affidavit of indigency seeking leave to proceed on appeal in forma pauperis.

While issuance of a COA does not require a showing that the appeal will succeed, *see Miller-El v. Cockrell*, 537 U.S. 322, 336-37 (2003), under the controlling standard, a petitioner must demonstrate that reasonable jurists would find the Court's assessment of

---

[1]"Certificate of Appealability.  (1) In a . . . 28 U.S.C. §§ 2255 proceeding, the applicant cannot take an appeal unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. §§ 2253(c). If an applicant files a notice of appeal, the district judge who rendered the judgment must either issue a certificate of appealability or state why a certificate should not issue. . . . If no express request for a certificate is filed, the notice of appeal constitutes a request addressed to the judges of the court of appeals." Rule 22, Fed. R. App. P.

[2]"[I]n . . . a proceeding under section 2255 . . , the final order shall be subject to review, on appeal, by the court of appeals for the circuit in which the proceeding is held. . . . (c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from -- . . .(B) the final order in a proceeding under section 2255. . . . (2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c).

the Petitioner's constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Eagle v. Linahan*, 279 F.3d 926, 935 (11th Cir. 2001). Petitioner has failed to make this threshold showing. *See Slack*, 529 U.S. at 485.

ACCORDINGLY, the Court **ORDERS** that Petitioner's Application for Certificate of Appealability (CV Dkt. 16) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on October 4, 2006.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA/jsh
Copy furnished to:
All Parties/Counsel of Record